# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HICKS, et.al., | ) |
| Plaintiffs, | ) |
| Vs. | ) CIV. ACT. NO.: 1:22-CV-255-SRW |
| CMH HOMES, INC., d/b/a CLAYTON MOBILE HOMES, and SUNSHINE HOMES, INC., | ) ) ) |
| Defendants. | ) |

## DEFENDANT, SUNSHINE HOMES, INC.'s RESPONSE TO CMH HOMES, INC.'S MOTION TO COMPEL ARBITRATION

COMES NOW THE DEFENDANT, Sunshine Homes, Inc., and pursuant to the Court's recent Order (Doc. 17) hereby files its Response to CMH Homes, Inc.'s Motion to Compel Arbitration, stating as follows:

1. This Defendant, Sunshine Homes, Inc., hereby concurs with CMH Homes, Inc.'s Motion to Compel Arbitration.

2. The Binding Dispute Resolution Agreement (Doc. 16-3) executed by Plaintiffs, states: "Buyer and Seller agree that this Agreement also applies to and governs the rights of intended beneficiaries of the Agreement, who include the following additional Parties: (i) manufacturers of the Home…".

3. Under Alabama law, it is well-settled that an intended beneficiary of a contract has the right to enforce its terms. *Anderson v. Howard Hall Co.*, 278 Ala. 491, 494, 179 So. 2d 71, 72-73 (1965)("The rule in this state, which is in accord with the great weight of American authority, is that a third person may enforce a promise made for his benefit even though he is a stranger both to the contract and the

consideration."). The test for determining whether a party is an intended beneficiary of a contract is whether the two parties who entered into a valid contract intended to benefit a third party. *Id*. at 73.

4.     The plain language of the BDRA states that the parties intended to make Sunshine Homes, as the "manufacturer of the home," a beneficiary of the contract, with the same rights under the contract as the parties. As this Defendant, Sunshine Homes, Inc., is an intended beneficiary of the valid BDRA, it requests, just as Defendant, CMH Homes, Inc., requested, that this Court order that the Plaintiffs' claims against both Defendants be decided in a single arbitration proceeding before the AAA under its Construction Industry Arbitration Rules.

WHEREFORE, all premises considered, Sunshine Homes, Inc. agrees that not only are all the claims that the Plaintiffs allege against Defendant, CMH Homes, Inc., due to be arbitrated, Plaintiffs are also required to arbitrate their claims against Defendant, Sunshine Homes, Inc., in the same arbitration proceeding under the AAA Construction Industry Arbitration Rules, and requests this Honorable Court to issue an Order stating same.

RESPECTFULLY DONE AND SUBMITTED, this 4th day of August, 2022.

/s/ *Richard E. Crum, Esq.*
Richard E. Crum, Esq. (CRU012)

/s/ *Kelly W. Harmon, Esq.*
Kelly W. Harmon, Esq. (HAR301)

Attorneys for Defendant,
Sunshine Homes, Inc.

OF COUNSEL
CRUM & HARMON, LLC
P.O. BOX 816
DOTHAN, ALABAMA 36302-6346
(334) 305-1630 (ph)
(334) 305-1632 (fx)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date, served a copy of the foregoing upon the following, via electronic transmission; and if unable to receive electronic transmissions, via U.S. Mail, properly addressed and postage prepaid, to:

David K. Hogg, Esq.
Post Office Box 6106
Dothan, Alabama 36302
  (334) 479-8070
  david@hogglaw.com
*Attorney for the Plaintiffs*

Daniel Weber, Esq.
  (205) 876-1628
  dsweber@smgblawyers.com
Nicholas Hoisington, Esq.
  nickh@smgblawyers.com
  (205) 715-3552
SIMPSON, MCMAHAN, GLICK & BURFORD
100 Concourse Parkway
Suite 310 West Tower
Hoover, Alabama 35244
*Attorneys for CMH Homes, Inc.*

This the this 4th day of August, 2022.


            */s/ Richard E. Crum, Esq.*
            OF COUNSEL