IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HICKS, *et al.*,         ) | |
| ) | |
| Plaintiffs,         ) | |
| ) | |
| v.         ) | CIVIL CASE NO. 1:22-cv-255-ECM |
| ) | [WO] |
| CMH HOMES, INC., d/b/a CLAYTON         ) | |
| MOBILE HOMES, *et al.*,         ) | |
| ) | |
| Defendants.         ) | |

## **MEMORANDUM OPINION and ORDER**

Plaintiffs Michael Hicks and Jaime Hicks ("Plaintiffs") brought this suit against Defendants CMH Homes, Inc. d/b/a Clayton Mobile Homes ("CMH Homes") and Sunshine Homes, Inc. ("Sunshine Homes") (collectively, "Defendants") in Alabama state court. The Plaintiffs purchased a manufactured home from CMH Homes. The home was constructed by Sunshine Homes and installed by CMH Homes. After installation, the Plaintiffs allegedly experienced problems with the materials and workmanship of the home, including leaking sinks and faucets, missing and fallen siding and insulation, a malfunctioning water heater, and a malfunctioning dishwasher, all of which made the home "uninhabitable." The Plaintiffs bring claims against the Defendants for breach of warranty and a claim under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"). The Plaintiffs seek damages, attorney's fees, and costs.

The Defendants removed the case to this Court on April 29, 2022. (Doc. 2). The Court has jurisdiction over the MMWA claim pursuant to its federal question jurisdiction,

*see* 28 U.S.C. § 1331,[1] and the Court has supplemental jurisdiction over the related state law warranty claims, *see id.* §§ 1367, 1447(c). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations to support both.

Now pending before the Court is CMH Homes' motion to compel arbitration. (Doc. 16). The Court ordered the Plaintiffs and Sunshine Homes to file responses to the motion or before August 4, 2022. (Doc. 17). Sunshine Homes filed a response in which it represented that it consented to arbitrate the Plaintiffs' claims against it. Moreover, Sunshine Homes agreed with CMH Homes' argument that the applicable arbitration agreement encompasses the Plaintiffs' claims against Sunshine Homes. To date, the Plaintiffs have not responded to the motion to compel arbitration. Pursuant to the Court's Uniform Scheduling Order entered on June 30, 2022, "[t]he failure to file a response to any motion — either dispositive or non-dispositive — within the time allowed by the Court shall indicate that there is no opposition to the motion." (Doc. 15 at 2, Section 6).

When the Plaintiffs purchased their home, the Plaintiffs and CMH Homes signed a Binding Dispute Resolution Agreement ("BDRA"). (Doc. 16-3). In the BDRA, CMH Homes and the Plaintiffs agreed to "resolve all disputes pursuant to the terms of this Binding Dispute Resolution Agreement." (*Id.* at 1). The BDRA provides that all claims shall first be submitted to mediation with a mutually agreeable mediator. (*Id.*). The BDRA

---

[1] For the Court to have original jurisdiction over the MMWA, the amount in controversy must exceed $50,000, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3)(B). According to documents attached to the Notice of Removal, the Plaintiffs purchased the home for $118,746.25. (Docs. 2-4 & 2-5). The Plaintiffs allege serious damage and problems with the home such that the home was inhabitable. Based on the foregoing, the Court concludes that the amount in controversy with respect to the MMWA claim plausibly exceeds $50,000, exclusive of interests and costs, and thus the Court has original jurisdiction over the claim.

2

further contains an arbitration agreement, in which the Plaintiffs and CMH Homes agreed to "mandatory, binding arbitration" of all claims not resolved in mediation. (*Id.*). The BDRA applies to "all pre-existing, present, or future disputes, claims, . . . and causes of action against [CMH Homes], including, but not limited to, common law claims, contract and warranty claims, [and statutory claims] . . . arising out of or relating to," among others, "the modular or manufactured home(s) purchased, sold, owned, occupied and/or delivered in any transaction with [Plaintiffs], . . . any products, goods, services, insurance, supplemental warranty, service contract, and real property . . . , [and] the design and construction of the Home." (*Id.*). The BDRA also "applies to and governs the rights of intended beneficiaries of [the BDRA]," including "manufacturers of the Home." (*Id.*). The Plaintiffs and CMH Homes also agreed that the home contains component parts manufactured outside the state of Alabama and that the manufacture, transportation, sale, and use of the home "involve and affect interstate commerce." (*Id.* at 2).

      CMH Homes argues that the Plaintiffs' MMWA and warranty claims fall within the broad scope of the BDRA. Additionally, CMH Homes and Sunshine Homes argue that the Plaintiffs' claims against Sunshine Homes are also within the BDRA's scope because Sunshine Homes manufactured the home; consequently, they contend, Sunshine Homes is a beneficiary of the BDRA as expressly contemplated by the Plaintiffs and CMH Homes. (*See id.* at 1).

      Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable,

3

save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Based on CMH Homes' motion and Sunshine Homes' response, and the lack of response from the Plaintiffs, the Court finds that a valid agreement to arbitrate exists and that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *See id.* Moreover, the Court finds that the Plaintiffs' claims are within the broad scope of the BDRA's binding arbitration provision.

Section 3 of the FAA empowers the Court to stay this action while the parties submit to arbitration. *See id.* § 3. Accordingly, upon consideration of CMH Homes' motion, and for good cause, it is hereby

ORDERED that the motion to compel arbitration (doc. 16) is GRANTED, and this case is STAYED pending further Orders of this Court so the parties may submit to arbitration. It is further

ORDERED that **on or before the fifth day of each month, beginning on February 1, 2023**, the parties shall file a joint status report advising the Court of the status of the arbitration.

DONE this 9th day of August, 2022.

                                               /s/ Emily C. Marks
                                           EMILY C. MARKS
                                           CHIEF UNITED STATES DISTRICT JUDGE